Eric P. Escamilla, S.B. No. 231859
Allen Chern, LLP
516 W. Shaw Avenue, Ste. 200
Fresno, CA 93704
Tel: (559) 485-2535
Fax: (866) 359-7478
Email: eric@escamillalawoffices.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| ROSE CARREON a/k/a ROSEMARIE CARREON,<br><br>Plaintiff,<br><br>v.<br><br>ULRS, INC. d/b/a CREDIT COLLECTION BUREAU & UNITED LEGAL GROUP,<br><br>Defendant. | Case No. 1:15-cv-01043-DAD-MJS<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, ROSE CARREON a/k/a ROSEMARIE CARREON, by and through her attorneys, and for her Complaint against the Defendant, ULRS, INC. d/b/a CREDIT COLLECTION BUREAU & UNITED LEGAL GROUP, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code § 1788, *et seq.*

1

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Waterford, California.

5. On information and belief, Defendant is a corporation of the State of California, which has its principal place of business in Anaheim, California or Corona, California.

**STATEMENTS OF FACTS**

6. On or around April 15, 2015, Defendant placed a telephone call to Plaintiff's granddaughter in an attempt to collect the aforementioned alleged debt. Plaintiff's granddaughter answered said telephone call and spoke with an employee, agent and/or representative of Defendant who identified himself as "David Gibson."

7. During said communication, David Gibson disclosed the existence of the alleged debt to Plaintiff's granddaughter.

8. On or around April 16, 2015, Defendant placed another telephone call to Plaintiff's granddaughter in another attempt to collect the alleged debt. Plaintiff's granddaughter answered said telephone call and again spoke with David Gibson.

9. During said communication, David Gibson again disclosed the existence of the alleged debt to Plaintiff's granddaughter.

10. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

**COUNT I**

11  Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 above as if reiterated herein.

12. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

13. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

14. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

15. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

16. Defendant violated 15 U.S.C. § 1692b(1) by identifying the name of the Defendant company while communicating with a person other than Plaintiff without having been expressly requested to do so.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692b(3) by communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

21. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 and 12 through 15 above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a

direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

 b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

 c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

 d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

23. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 10 above as if reiterated herein.

24. Plaintiff is a "debtor" as defined in Cal. Civ. Code § 1788.2(h), as she is a natural person from whom Defendant, a debt collector, sought to collect a consumer debt which was alleged to be due and owing from her.

25. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c), in that it held itself out to be a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engaged in debt collection.

26. The aforementioned alleged debt is a "consumer debt" within the meaning of Cal. Civ. Code § 1788.2(f), in that it is an alleged obligation to pay money by reason of a transaction in which the property, services or money were acquired on credit primarily for personal, family and/or household purposes.

27. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated both the FDCPA and Rosenthal.

28. Cal. Civ. Code § 1788.17 states that every debt collector attempting to collect a consumer debt shall comply with the FDCPA and shall be subject to the remedies in 15 U.S.C. § 1692k. Therefore, by committing the violations of the FDCPA as outlined above, Defendant also violated Cal. Civ. Code § 1788.17.

29. Defendant also violated Cal. Civ. Code § 1788.12(b) by communicating information regarding an alleged consumer debt to a member of Plaintiff's family.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of Rosenthal, pursuant to Cal. Civ. Code § 1788.30(a);

    b. Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of Rosenthal, pursuant to Cal. Civ. Code § 1788.30(b);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to Cal. Civ. Code § 1788.30(c); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

By: /s/ Eric P. Escamilla
     Attorney for Plaintiff